UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARIN DUNCAN,** | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:09-CV-00715 |
| **V.** | )( | |
| **UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER at HOUSTON,** | )( | |
| | )( | |
| Defendant. | | |

**PLAINTIFF LT. DUNCAN'S RESPONSE TO:**

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON'S MOTION FOR PARTIAL DISMISSAL**

**TO THE HONORABLE EWING WERLEIN, JR:**

NOW COMES PLAINTIFF DARIN DUNCAN (Lt. Duncan) and responds to Defendant The University of Texas Health Science Center at Houston's ("UTHSC-H") motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court:

**INITIAL STATEMENT**

Plaintiff vigorously opposes UTHSCH's motion for partial dismissal and states that UTHSCH request for dismissal does not overcome Lt. Duncan's well pled complaint. Defendant attempts to dismiss most of fourth year medical student[1] Lt. Duncan's case by claiming a lack of facts in the complaint and that UTHSCH is the state. UTHSCH is not the state for purposes of

---

[1] UTHSCH's reasons for expelling Lt. Duncan have not been made clear in their communications to Lt. Duncan nor to undersigned counsel.

**LT. DUNCAN'S RESPONSE TO UTHSCH'S MOTION FOR PARTIAL DISMISSAL**                                Page 1

11th Amendment immunity from damages. Furthermore, Lt. Duncan seeks several forms of injunctive relief--including a simple accommodation and a due process hearing on his Major Depression circumstances--not applicable to 11th Amendment immunity arguments.[2]

## STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Capital Parks, Inc. v. Southeastern Advertising & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284-85 (5th Cir. 1993); *Lindquist v. City of Pasadena, Texas,* 525 F.3d 383, 386 (5th Cir. 2008). Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 644 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)", and the Court should deny a motion to dismiss even if it appears *"that a recovery is very remote and unlikely"*. *Id.* at 1965 (internal citation and footnote omitted), following *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Furthermore, the Court may not look beyond the pleadings in ruling on the motion. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). "The issue at [the motion to dismiss] stage is not whether Plaintiff will prevail, but whether they are entitled to pursue their complaint and offer evidence in support thereof." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

---

[2]

**LT. DUNCAN'S RESPONSE TO UTHSCH'S MOTION FOR PARTIAL DISMISSAL**     Page 2

While a court will not accept conclusory allegations or unwarranted deductions of fact as true (*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)), dismissal is unwarranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Beanal*, 197 F.3d at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Cornish,* 402 F.3d at 549.

Furthermore, the Supreme Court unanimously, expressly, and repeatedly has rejected a "heightened pleading standard" for 42 U.S.C. § 1983 cases against municipal governments. A recent case reversing dismissal, the Supreme Court reaffirmed, "[s]pecific facts are not necessary; the [Complaint] need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. ___, 127 S.Ct. 2197, 2200 (2007) (per curiam), quoting *Bell Atlantic*, 127 S.Ct. at 1964 (additional citations omitted). The live complaint easily meets the fair notice requirement.

## NO HEIGHTENED PLEADING STANDARD

By seeking even more details than those already in the live complaint, defendants' motion to dismiss requests this Court to impose a heightened pleading requirement that, in the same context of a 42 U.S.C. § 1983 claim against a municipality, the Supreme Court unanimously rejected. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).

In that case, the Fifth Circuit had found that plaintiff "fail[ed] "to state any facts with respect to the adequacy (or inadequacy) of the police training." 954 F.2d 1054, 1058 (5th Cir. 1992)(emphasis added). The Supreme Court rejected that approach. *Leatherman,* 507 U.S. at 167-68. Justice Rehnquist explained that, in 42 U.S.C. § 1983 constitutional cases, nothing requires plaintiffs to "set out in detail the facts upon which he bases his claim", and that to

impose such a requirement would be "impossible to square … with the liberal system of 'notice pleading' set up by the federal rules". *Id.* at 168 (citation and internal quotation omitted). "In the absence of…amendment [to the federal rules], federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.* at 168-69. The Supreme Court reaffirmed *Leatherman's* holding in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (because Federal "Rule 9(b) makes no mention of municipal liability under Rev. Stat. §1979, 42 U.S.C. § 1983"); accord, e.g., *Bell Atlantic,* 127 S.Ct. at 1973 n.14. In *Bell Atlantic,* the Court expressly reconfirmed "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974; see also supra Part III, quoting Erickson, 127 S.Ct. at 2200 ("[s]pecific facts are not necessary", only "fair notice"). Plaintiffs' live complaint has ample facts that a fourth year medical student cannot be kicked out of medical school for nebulous reasons or because he suffered from treatable Major Depression.

## IS THE UTHSCH IMMUNE FROM LAWSUIT UNDER THE AMERICANS WITH DISABILITIES ACT & 42 U.S.C. SECTION 1983 LAW ?

UTHSCH simply glosses over Lt. Duncan's request for injunctive relief.[3] *Hopwood v. Texas,* 21 F.3d 603 (5th Cir. 1994); *Hay v. Waldron,* 834 F.2d 481, 484 (5th Cir. 1987); *Lubbock Civ. Lib. Union v. Lubbock Ind. Sch. Dist.,* 669 F.2d 1038, 1048 (5th Cir. 1982), cert. denied, 459 U.S. 1155 (1983).

---

[3] Plaintiff's Original Complaint, Section XV: INJUNCTIVE RELIEF; paragraph 37: *"Lt. Duncan seeks injunctive relief in the form of a court order against UTHSCH to put Darin back into medical school, granting a leave of absence to address his mental health issues, a letter of good standing, that he receive a due process hearing on his newly diagnosed depression issue, and expunge his disciplinary record."*

Furthermore, none of defendant's cited cases militate for dismissal of the issue of whether UTHSCH can be sued for monetary damages under 42 U.S.C. Section 1983 or the Americans With Disabilities Act. The cases cited by defendant where 11th Amendment immunity applied involved the Family Leave Medical Act and other statutes not involving the University of Texas and 42 U.S.C. Section 1983 and the ADA.

The Supreme Court in *United States v. Georgia*, 546 U.S. 151 (2006), held that Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12131 et seq.), validly abrogated state sovereign immunity for conduct that actually violated the Federal Constitution's Fourteenth Amendment. While plaintiff incorporates the totality of its live complaint as if fully set forth herein, paragraph 22 of Plaintiff's Original Complaint clearly sets forth that Lt. Duncan has implicated the Fourteenth Amendment:

> *22.   A 42 USC Section 1983 claim requires that a state actor violate an individual's right. While 42 USC Section 1983 is not a source of substantive rights it allows rights found elsewhere to be addressed in federal (and state) court. Lt. Duncan had a Fourteenth Amendment right to due process both procedural and substantial yet these rights and the other rights--free speech, ADA rights, Section 504 of the Rehabilitation Act rights, right to be free from arbitrary and capricious state action, freedom of assembly and association, and freedom from overly vague requirements described herein were met with deliberate indifference by Defendant. Dean Colasurdo and the SEPC were the policymakers when it came to dismissals and UTHSCH is liable for the decisions of its policymakers. Lt. Duncan alerted other policymakers in the UT System (see Paragraph 16), however, though they were fully conscious of Lt. Duncan's right being violated they were wholly indifferent to these violations.*

In *Kemppainen v. Aransas County Detention Ctr.*, 2009 WL 68769 (S.D. Tex. Jan 8, 2009) the court held that "Title II of the ADA validly abrogates sovereign immunity 'insofar as [it] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment.'" Even if UTHSCH was an arm of the state, which it isn't

for the purposes of this case, they would be liable for Lt. Duncan's damages as Lt. Duncan clearly pled violations of the Fourteenth Amendment as even UTHSCH rattles off the bill of right's violations actionable to nonfederal governments under the Fourteenth Amendment.[4]

UTHSCH brings a factual argument to table in their ADA analysis--UTHSCH level of knowledge of Lt. Duncan's Major Depression and the timing of this knowledge (UTHSCH does not argue that hey are now aware of the Major Depression).  Lt. Duncan objects to UTHSCH recitations of these facts.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

More importantly UTHSCH used deception on Lt. Duncan by sending Lt. Duncan to their own contracted psychiatrist in 2006 long before Lt. Duncan was expelled.  Lt. Duncan thought he was a patient of psychiatrist Dr. Axelrad's but now UTHSCH claims Dr. Axelrad was a *forensic* psychiatrist doing a *psychiatric investigation* of Lt. Duncan for UTHSCH.[5]  Had Lt. Duncan known this he would have went to his own psychiatrist who would have correctly diagnosed Lt. Duncan for Major Depression and treatment could have been brought much earlier.  Such dangerous, underhanded tactics by UTHSCH should not rewarded by dismissal of Lt. Duncan's claims.  Moreover, Lt. Duncan avers all the physicians who participated in expelling Lt. Duncan were well aware he likely suffered from Major Depression and purposefully used deception by sending Lt. Duncan unwittingly to their forensic psychiatrist and never after 2006 suggesting he see his own psychiatrist.[6]  See Paragraphs 9, 10, 11 and 13 of Plaintiff's Original Complaint.

The State's immunity is clearly abrogated under the ADA in Lt. Duncan's case as he

---

[4] Plaintiff's Original Complaint. §§ V. Arbitrary and Capricious; VII. Freedom of Speech; IX. Unconstitutionally Vague; XI. Violation of Freedom [sic] Assembly and Association; XII Procedural and Substantive Due Process);
[5] These acts violate Dr. Axelrad's Hypocratic Oath.
[6] It appears Dr. Axelrad was used to deceive Lt. Duncan, a violation of his Hypocratic oath.

claims many violations of the Constitution (supra). *United States v. Georgia*, 546 U.S. 151, 159 (2006).

## UTHSCH IS NOT THE STATE

Lt. Duncan is not suing the State of Texas nor its agencies. Political subdivisions of the state have no Eleventh Amendment protection from suit in federal court. *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973); *also Northern Ins. Co. of New York v. Chatham County, Ga.*, 126 S. Ct. 1689, 1693 (2006) ("A consequence of this Court's recognition of preratification sovereignty as the source of immunity from suit is that only States and arms of the State possess immunity from suits authorized by federal law... Accordingly, this Court has repeatedly refused to extend sovereign immunity to counties. [citing *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979); *Workman v. New York City*, 179 U.S. 552, 565 (1900); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)] See also *Jinks v. Richland County*, 538 U.S. 456, 466, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003) ([M]unicipalities, unlike States, do not enjoy a constitutionally protected immunity from suit"). This is true even when, as respondent alleges here, 'such entities exercise a "slice of state power."' *Lake Country Estates*, *supra*, at 401, 99 S.Ct. 1171.").

Furthermore, even a state court may not refuse to entertain a § 1983 action against a school board on the ground that common law sovereign immunity barred the suit. *Howlett v. Rose*, 496 U.S. 356, 110 S. Ct. 2430 (1990). *See also Martinez v. California*, 444 U.S. 277, 284 (1980) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 ... cannot be immunized by state law.").

In *Hess v. Port Authority Trans-Hudson Corp.*, 115 S. Ct. 394 (1994), the Court held that injured railroad workers could assert a federal statutory right, under the FELA, to recover

damages against the Port Authority and that concerns underlying the Eleventh Amendment-"the States' solvency and dignity"- were not touched. The Court explained, *id.* at 406: The proper focus is not on the use of profits or surplus, but rather is on losses and debts. If the expenditures of the enterprise exceed receipts, is the State in fact obligated to bear and pay the resulting indebtedness of the enterprise? When the answer is "No" ... then the Eleventh Amendment's core concern is not implicated.  In the instant suit UTHSCH's creditors cannot look to Texas to pay its outstanding invoices. See *Hudson v. City of New Orleans,* 174 F.3d 677, 683 (5th Cir. 1999) ("Ultimately we are most persuaded by the fact that the state treasury will in all likelihood be left untouched if damages were to be levied against the Orleans Parish District Attorney's office. It is well established that this... factor is crucial to our Eleventh Amendment arm of the state analysis.... In sum, we conclude that the Orleans Parish District Attorney's office is not protected from suit in federal court by the Eleventh Amendment.");

## CONCLUSION & PRAYER

The Eleventh Amendment does not bar claims for injunctive relief against UTHSCH under 42 USC Section 1983 and the ADA.  The Eleventh Amendment does not bar any claims for monetary damages against UTHSCH under 42 USC Section 1983 and the ADA.  Lt. Duncan has brought many claims applicable to nonfederal governments under the Fourteenth Amendment including that UTHSCH acts were arbitrary and capricious, violated Lt. Duncan's freedom of speech, the regulations and agreements they used to expel Lt. Duncan were unconstitutionally vague, violated his freedom of assembly and association and his procedural and substantive due process rights. UTHSCH violated Lt. Duncan's contract rights.  Lt. Duncan requests that UTHSCH's motion for partial summary judgment be DENIED and for all other relief in law or equity.

                    RESPECTFULLY SUBMITTED,
                    LAW OFFICE OF RANDALL L. KALLINEN

/S/ *Randall L. Kallinen*

_____
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth US Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:     713/320-3785
E-mail:              AttorneyKallinen@aol.com
Attorney for Plaintiff, Darin Duncan

## NOTICE OF ELECTRONIC FILING

     I certify that I have served the foregoing to counsel and pro se parties listed below in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 3rd day of May, 2009.

Mishell B. Kneeland
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

                    /S/ *Randall L. Kallinen*

                    _____
                    Randall L. Kallinen