IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN, | § | |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 4:09-CV-00715 |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT HOUSTON, | § | |
|     *Defendant.* | § | |

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER
AT HOUSTON'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
<u>MOTION FOR PARTIAL DISMISSAL</u>**

TO THE HONORABLE EWING WERLEIN, JR., UNITED STATES DISTRICT JUDGE:

Defendant The University of Texas Health Science Center at Houston ("UTHSC-H") submits this Reply Memorandum in Further Support of its Motion for Partial Dismissal and would respectfully show the Court:

Plaintiff's Opposition to UTHSC-H's motion misstates UTHSC-H's positions and completely misconstrues the law. Most importantly, nothing in the Opposition undercuts UTHSC-H's entitlement to dismissal on certain of Plaintiff's claims. UTHSC-H did not move to dismiss the Complaint in its entirety but, rather, sought to identify those claims for which the Court wholly lacks subject matter jurisdiction.

As an initial matter, UTHSC-H never contended that Plaintiff's claims were subject to a higher pleading standard. Instead, UTHSC-H contends that Plaintiff has not adequately pled a waiver of sovereign immunity. These are entirely different issues.

Second, contrary to Plaintiff's assertion, UTHSC-H is indeed a state agency. Each case cited by plaintiff involves an entity that is not a state agency, but a county, municipality, school board, port authority, or parish district attorney's office. *See* Pl.'s Opp'n at 7-8. As fully

---

explained in its Motion, UTHSC-H is an agency of the state. Texas defines public university systems as state agencies. TEX. GOV'T CODE § 572.002(10)(B). UTHSC-H belongs to the University of Texas System. TEX. EDUC.CODE § 65.02(a)(9). Furthermore, as part of the University of Texas System, UTHSCH is governed and administered by the System's Board of Regents that is appointed by the governor with advice and consent of the state senate. TEX. EDUC.CODE § 65.11. Nothing in Plaintiff's Opposition counters the unambiguous law cited by UTHSC-H that holds the University of Texas System and its medical branches are arms of the state. *Accord Sampson v. U.S.*, 73 Fed. Appx. 48, 49 (5th Cir. 2003) (affirming dismissal of Section 1983 claims against UTMB on Eleventh Amendment grounds because UTMB is a state agency); *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391 (5th Cir.2007) (UTHSC-H a state agency); *Butcher v. U.T. Health Sci. Ctr. of Houston*, NO. CIV. A. H-08-CV-0244, 2008 WL 4935723, at *2 (S.D. Tex. Nov 18, 2008) (slip op.) (UTHSC-H is a state entity protected by sovereign immunity).

Plaintiff next asserts that his Section 1983 claims against UTHSC-H are saved because he has requested injunctive relief. Opp'n at 4 n.3. This is not the law. Whether the claims are for damages or injunctive relief, they are barred. *Alabama v. Pugh*, 438 U.S. 781, 781-83 (1978) (*per curiam*).

Beyond the incorrect statement that UTHSC-H is not a state entity, Plaintiff puts forth no substantive argument that the state's immunity is not waived with respect to breach of contract or tort claims, inherently conceding that those claims are saved only if the Court finds that UTHSC-H is not a state agency. Since it is a state agency, UTHSC-H's arguments are unrebutted and those claims must be dismissed.

As to the ADA claims, UTHSC-H asserts that the approach laid out in its motion is the appropriate one for determining whether the state has immunity from suit under the ADA and respectfully submits that – with respect to this petition – it does.

For these reasons, Plaintiff's claims under Section 1983 and the ADA, for breach of contract, and for any intentional tort, those claims must be dismissed as barred by sovereign immunity.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Mishell B. Kneeland
**Mishell B. Kneeland**, Attorney in Charge
Texas Bar No. 24038256
Southern District Bar No. 313250
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
mishell.kneeland@oag.state.tx.us
512-475-4099
512-320-0667 *fax*

ATTORNEYS FOR DEFENDANT THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of May, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

      /s/ Mishell B. Kneeland
      **Mishell B. Kneeland**
      Assistant Attorney General