UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARIN DUNCAN, | )( |
| Plaintiff, | )(  CIVIL ACTION NO.: 4:09-CV-00715 |
| V. | )( |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER at HOUSTON, | )( |
| | )( |
| Defendant. | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)

1. State where and when the meeting of the parties required by Rule 26(f) was held, and the counsel who conferred.

Counsels Randall Kallinen for plaintiff and Mishell B. Kneeland for defendant conferred by telephone on August 21, 2009.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3. Specify the allegation of federal jurisdiction.

Federal question; 28 U.S.C. Section 1331.

4. Briefly describe what the case is about.

Plaintiff alleges he expelled from medical school in his fourth year.  Plaintiff alleges the school's rules regarding due process were not followed, he was expelled for unclear reasons and should not have been expelled at all. Defendant contend that plaintiff's dismissal was in accordance with al applicable rules and policies which ere Constitutional, and not for any impermissible reason.

5. Name the parties who disagree and the reasons.

None.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                    Page 1

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Defendants know of no other additional parties. Plaintiffs may identify additional parties in discovery or otherwise.

7.  List anticipated interventions.

The parties know of none.

8.  Describe class-action issues.

None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Disclosures have not yet been made. The parties agree to make their disclosures within fourteen days of the discovery/case management hearing.

10. Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f)

All matters are addressed elsewhere in this filing, except that electronically stored information will not be produced in native format but by hard copies and/or image files (e.g. PDF).

B.  When and to whom the plaintiff anticipates it may send interrogatories.

The defendant and any fact witnesses by the end of the discovery period.

C.  When and to whom the defendant anticipates it may send interrogatories.

To the Plaintiff within the times constraint of the discovery period.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

The defendant and any fact witnesses and expert witnesses within the time constraints of the discovery period.

E.  Of and by when the defendant anticipates taking oral depositions.

Of the Plaintiff, and fact and expert witnesses within the time constraints of the discovery period.

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their expert reports.

Plaintiff will designate expert witnesses and provide reports by February 29, 2010.
Defendants will provide these within 45 days of the day plaintiff provides his.

G.      List expert depositions the plaintiff (or the other party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B). (expert reports).

Plaintiffs will take depositions within 45 days of the day defendants designate expert witnesses and provide reports.

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)

Defendants will take these within 45 days after plaintiff designates experts and provides reports..

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

There are no disagreements.

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been done.

13.     State the date the planned discovery can reasonably be completed.

By June 1, 2010.

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Counsels determined that resolution was possible after discovery has occurred.

15.     Describe what each party has done or agreed to do to bring a prompt resolution.

Counsels agree to consider future ADR and keep all settlement discussions open.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                                    **Page 3**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Plaintiff is willing to participate in ADR at any time. Defendant is willing to consider ADR at an appropriate time. Defendant is familiar with ADR types.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The joint position is that at this time the parties do not agree to a magistrate.

18. State whether a jury demand has been made and if it was made on time.

A timely jury demand has been made.

19. Specify the number of hours it will take to present the evidence in this case.

Defendant avers it will take approximately 25 hours to present evidence in this case while plaintiff avers it shall take 40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendant has a motion to dismiss a substantial number of plaintiff's claims pending.

21. List other motions pending.

No other motions are pending.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

The parties know of none.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties certify that they filed their certificates of interested parties on April 2, 2009.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| /s/ Randall L. Kallinen | August 21 |
| _____ | _____, 2009 |
| Randall L. Kallinen | DATE |

511 Broadway Street
Houston, Texas 77012
Fed. I.D. No. 19417
Telephone:   713/320-3785
Email:   AttorneyKallinen@aol.com
Attorney for Plaintiff

| | |
|---|---|
| By permission /s/ Randall L. Kallinen | August 21 |
| _____ | _____, 2009 |

Mishell B. Kneeland
TBN: 24038256
Federal I. D. 313250
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512/463-2120
E-mail: Mishell.Kneeland@oag.state.tx.us
Counsel for Defendant

RESPECTFULLY SUBMITTED,
LAW OFFICE OF RANDALL L. KALLINEN

/S/ *Randall L. Kallinen*

_____
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth US Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:   713/320-3785
E-mail:   AttorneyKallinen@aol.com
Attorney for Plaintiff, Darin Duncan

| | |
|---|---|
| /s/ Randall L. Kallinen<br>_____<br>Randall L. Kallinen | August 21<br>_____, 2009<br>DATE |

| | |
|---|---|
| By permission /s/ Randall L. Kallinen<br>_____<br>Mishell B. Kneeland | August 21<br>_____, 2009 |

### NOTICE OF ELECTRONIC FILING

    I certify that I have served the foregoing to counsel and pro se parties listed below in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 21st day of August, 2009.

Mishell B. Kneeland
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

                                                  /S/ *Randall L. Kallinen*
                                                  _____
                                                  Randall L. Kallinen