UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN, | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:09-CV-00715 |
| V. | )( | |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER at HOUSTON, | )( )( | |
| Defendant. | | |

**PLAINTIFF LT. DUNCAN'S SUPPLEMENTAL RESPONSE TO:**

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON'S MOTION FOR PARTIAL DISMISSAL**

**TO THE HONORABLE EWING WERLEIN, JR:**

**NOW COMES PLAINTIFF DARIN DUNCAN** (Lt. Duncan) and files this *supplemental* response to Defendant The University of Texas Health Science Center at Houston's ("UTHSC-H") motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court:

**STANDARD OF REVIEW**

When reviewing a motion to dismiss, the Court accepts "all well-pleaded facts as true, *viewing them in the light most favorable to the plaintiff*." *Capital Parks, Inc. v. Southeastern Advertising & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284-85 (5th Cir. 1993); *Lindquist v. City of Pasadena, Texas,* 525 F.3d 383, 386 (5th Cir. 2008). In his original complaint plaintiff asserted that:

> UTHSCH performed a "forensic" psychological examination of Lt. Duncan pursuant to a disciplinary action and failed to diagnose the very severe Major

> *Depressive Disorder of which Lt. Duncan was later diagnosed.*
> *--Page 1, FN 1*

and

> 9. **In his 2nd year of medical school, 2006,** *Darin was suffering from depression and came up for school discipline by the Student Evaluation and Promotions Committee (SEPC) because of alleged unwanted (non-physical) romantic advances toward a female medical student, a Hispanic student took something Darin had wrote as demeaning to Hispanics, and Darin allegedly did not finish a portion of one class. Darin was **sent to a psychiatrist, Dr. Axelrad, by UTHSCH** as part of the discipline process.*
> 10. *While Lt. Duncan believed himself to be a patient of Dr. Axelrad's, and Axelrad's paperwork clearly refers to Lt. Duncan as a "patient," Dr. Axelrad now alleges he was performing a "forensic psychiatric evaluation" paid for by UTHSCH.[1] **Dr. Axelrad failed to diagnose Darin with a mental health condition** and wrote that Darin's disciplinary behaviors could not be attributed to any "significant psychiatric problems or disorders."*

Clearly in a light most favorable plaintiff states Dr. Axelrad *failed to diagnose* Darin with a mental health condition means that UTHSC-H's employee Dr. Axelrad actually knew that Darin suffered from major depressions but wanted UTHSC-H to retain the power to discipline Darin free of American's With Disabilities Act restraints regarding accommodations. Darin told Dr. Axelrad that he was depressed and Darin had all the symptoms of Major Depression in 2006 which UTHSC-H knew, long before he was expelled in 2008.

## REPLEADING

Plaintiff gave UTHSC-H the information that he suffered from depression as UTHSC-H sent Darin to Dr. Axelrad. If the court is of the opinion that the complaint does not sufficiently set this forth, plaintiff has additional facts to set forth that UTHSC-H knew that Darin suffered from Major Depression long before 2008. Repleading would not be futile.

---

[1] From records released by Dr. Axelrad prior to filing suit.

## DUE PROCESS AND THE ADA

In a light most favorable to Darin Dr. Axelrad and UTHSC-H knew Darin suffered from major depression in 2006 yet purposefully misdiagnosed Darin so that Darin would find it difficult to avail himself of the protections of the ADA even though he suffered from major depression which affected his abilities in medical school. Of course since UTHSC-H contractor Dr. Axelrad purposefully misdiagnosed Darin so Darin was fooled not to ask for any accommodation and did not seek any depression treatment--it is lucky that Darin did not commit suicide due to these deceptions by Dr. Axelrad and UTHSC-H.

## PRAYER

Lt. Duncan requests that UTHSCH's motion for partial summary judgment be DENIED and for all other relief in law or equity.

> RESPECTFULLY SUBMITTED,
> LAW OFFICE OF RANDALL L. KALLINEN
>
> /S/ Randall L. Kallinen
> _____
> Randall L. Kallinen
> State Bar of Texas No. 00790995
> Southern District of Texas Bar No.: 19417
> Admitted, Fifth US Circuit Court of Appeals
> 511 Broadway Street
> Houston, Texas 77012
> Telephone:    713/320-3785
> E-mail:           AttorneyKallinen@aol.com
> Attorney for Plaintiff, Darin Duncan

## NOTICE OF ELECTRONIC FILING

     I certify that I have served the foregoing to counsel and pro se parties listed below in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 4th day of September, 2009.

Mishell B. Kneeland
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

                                      /S/ *Randall L. Kallinen*
                                      _____
                                      Randall L. Kallinen