IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN,<br>　　　Plaintiff,<br><br>V.<br><br>UNIVERSITY OF TEXAS HEALTH<br>SCIENCE CENTER at HOUSTON,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:09-CV-00715 |

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE VANESSA D. GILMORE., UNITED STATES DISTRICT JUDGE:

Defendant The University of Texas Health Science Center at Houston ("UTHSC-H") files its Answer and Affirmative Defenses to Plaintiff's Original Complaint and respectfully states as follows:

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), UTHSC-H denies each and every allegation contained in Plaintiff's Original Petition except for those expressly admitted herein. These numbered paragraphs correspond to the paragraphs[1] within the body of Plaintiff's Original Petition:

**I. STATEMENT OF THE CASE**

1.　　Deny the allegations of paragraph 1, except admit that, in the fall of 2008, Duncan was a fourth year medical student.

---
[1] Plaintiff's Complaint has numbering mistakes; in order to respond point-by-point to Plaintiff's Complaint, UTHSC-H uses the same paragraph numbering as Plaintiff.
_____

*UTHSC-H's Answer and Affirmative Defenses to Plaintiff's Original Complaint*　　　　　　　　1

## II. JURISDICTION

2. UTHSC-H asserts that there is no need to admit or deny jurisdictional assertions relating to claims dismissed by the Court. UTHSC-H does not dispute the Court's subject matter jurisdiction over Plaintiff's claims under the Rehabilitation Act.

3. Admit venue is proper in the Southern District of Texas.

## III. PARTIES

4. Admit Duncan is an individual; UTHSC-H is without knowledge that would allow it to admit or deny that Duncan is a resident of Harris County, Texas.

5. Admit that UTHSC-H is an independent component institution of The University of Texas System. Deny Defendant is "within the University of Texas [sic]." Admit Defendant may be served through its President; deny Defendant may be served by service on the Board of Regents.

## IV. FACTS

6. Admit Plaintiff was a fourth-year medical student in Fall 2008 and that UTHSC-H receives federal funding, but deny that such funding is "vast." UTHSC-H is without knowledge that would allow it to admit or deny remaining allegations of paragraph 6.

7. Deny the allegations of paragraph 7 and ever that Exhibit 1 speaks for itself..

8. UTHSC-H is without knowledge that would allow it to admit or deny Plaintiff's military activities, or whether anyone "gushes with praise" for Plaintiff, and avers that Exhibit 2 speaks for itself.

9. Deny.

10. UTHSC-H is without knowledge that would allow it to admit or deny what Plaintiff "believed." UTHSC-H denies the remaining allegations of paragraph 10.

11.     UTHSC-H admits that Plaintiff was re-admitted to school after being dismissed the first time, and denies the remaining allegations of paragraph 11.

12.     UTHSC-H admits that Plaintiff received a "MP" (marginal performance) grade in Cardiology, and denies the remaining allegations of paragraph 12.

13.     UTHSC-H admits that Dean Colasuro affirmed Plaintiff's dismissal, and denies the remaining allegations of paragraph 13.

14.     UTHSC-H is without knowledge that would allow it to admit or deny the allegations of paragraph 14.

15.     UTHSC-H admits that Plaintiff had "problems with his interactions with others," and denies the remaining allegations of paragraph 15.

16.     UTHSC-H admits that Plaintiff's attorney contacted the listed individuals, admits that Plaintiff's "status" as a dismissed student was unchanged as of the date of filing of lawsuit, and denies the remaining allegations of paragraph 16.

## V. ARBITRARY AND CAPRICIOUS

17.     This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## VI. AMERICANS WITH DISABILITIES ACT

18.     This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

19.     This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

20.     This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

21. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## VII. FREEDOM OF SPEECH

21. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## VIII. 42 USC SECTION 1983

22. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

23. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## IX. UNCONSTITUTIONALLY VAGUE

24. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## X. CONTRACT

25. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## XI. VIOLATION OF FREEDOM ASSEMBLY AND ASSOCIATION

26. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

27. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## XII PROCEDURAL AND SUBSTANTIVE DUE PROCESS

28. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

29. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

30. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

34. This claim was dismissed by the Court's order of September 4, 2009; therefore, UTHSC-H avers that there is no need to admit or deny these allegations.

## XIII. SECTION 504 OF THE REHABILITATION ACT

35. UTHSC-H avers that there is no need to admit or deny an allegedly accurate quotation of law, and denies the remaining allegations of paragraph 35.

## XIV. MENTAL ANGUISH

36. Deny.

## XV. INJUNCTIVE RELIEF

37. UTHSC-H avers that there is no need to admit or deny Plaintiff's recitation of desired relief.

## XVI. ATTORNEYS FEES

38. Deny.

## XVII. PRAYER

39. UTHSC-H avers that there is no need to admit or deny prayer, but denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not a qualified individual with a disability as defined by Section 504 of the 1973 Rehabilitation Act. Therefore, his Complaint fails to state a claim upon which relief can be granted.

2. UTHSC-H asserts that its actions were required by business necessity.

3. UTHSC-H asserts that Plaintiff never requested an accommodation under Section 504 of the 1973 Rehabilitation Act.

4. UTHSC-H asserts that Plaintiff failed to mitigate his damages, if any.s

5. At all times relevant to this cause, UTHSC-H's actions were reasonable and proper under the laws of the State of Texas and the United States.

## PRAYER

UTHSC-H prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Mishell B. Kneeland
**Mishell B. Kneeland**
Texas Bar No. 24038256
Southern District Bar No. 313250
Assistant Attorney General
Attorney in Charge

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
mishell.kneeland@oag.state.tx.us
512-475-4099
512-320-0667 *fax*

*ATTORNEYS FOR DEFENDANT THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record in this matter.

Randall L. Kallinen
511 Broadway St.
Houston, TX  77012
*Attorney for Plaintiff*

/s/ Mishell B. Kneeland
**Mishell B. Kneeland**
Assistant Attorney General

_____