UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN, | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:09-CV-00715 |
| V. | )( | |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER at HOUSTON, | )( | |
| | )( | |
| Defendant. | | |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FRCP 26a

NOW COME PLAINTIFF and files his Initial Disclosures pursuant to Rule 26 a(1) and

(2) of the Federal Rules of Civil Procedure:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Mr. Darin Duncan
c/o Randall L. Kallinen, Attorney at Law
511 Broadway Street
Houston, Texas 77012
Telephone:    713/320-3785
Plaintiff, who was present at the Pink Monkey and has knowledge of the facts and allegations made the basis of this lawsuit.

Randall L. Kallinen, Attorney at Law
511 Broadway Street
Houston, Texas 77012
Telephone:    713/320-3785
Mr. Kallinen will testify both factually and as an expert as to the reasonable and necessary attorney's fees and expenses

Larry R. Keiser (UTHSC-H) policies and practices
Kenneth I. Shine (UTHSC-H) policies and practices
H. Scott Craven, Jr.( UTHSC-H) policies and practices
Dr. Guiseppe Colardo (UTHSC-H) plaintiff expulsion and policies and practices

Patricia E. Carver (UTHSC-H) expulsion appeal
Professor Ikenna Ogbaa (UTHSC-H), class work and observations
L. Maximilian Buja (UTHSC-H), policies and practices
Dr. Margeret McNeese (UTHSC-H) policies and practices and plaintiff disciplinary matters
Dr. David Mercer (UTHSC-H), work and school performance

Colonel Charles Killingsworth, MD.
2002 Holcombe
Houston, Texas 77039; 713/791-1414, military service,

Art Tarbox (UTHSC-H) evaluation of plaintiff

Dr. David Axelrod (UTHSC-H) evaluation of plaintiff

Dr. George D. Santos
5151 San Felipe Street, Suite 1470
Houston, TX, 77056, 2008
Dr. Santos is plaintiff's mental healthcare provider.

(ii)     a copy — *or a description by category and location* — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Plaintiff has produced/disclosed the documents pursuant to defendant's request for production.

(iii)    a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

At this time plaintiff does not have a computation. Plaintiff seek damages for at least loss of his career, tuition and expenses, lost wages, and mental anguish.  Plaintiff will seek reasonable attorney's fees and expenses using the well-known *Lodestar* factors.  As case law provides that the hourly rate of an attorney may be decided based upon the facts and circumstances available at the end of the litigation plaintiff's will defer stating the exact hourly rate until near the end of the litigation or at another appropriate time.

(iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

(2)     Disclosure of Expert Testimony.

**PLAINTIFF'S INITIAL DISCLOSURES**                                                                                                   Page 2

The court has entered a scheduling order with the requirements for expert witness disclosure.

Plaintiff avers that their discovery responses, deposition testimony, and defendants' disclosures and discovery responses as well as products of subpoenas of third parties will serve as additions to these initial disclosures without the need to file a written supplement to plaintiff's disclosures.

>RESPECTFULLY SUBMITTED,
>LAW OFFICE OF RANDALL L. KALLINEN
>
>/S/ *Randall L. Kallinen*
>
>_____
>Randall L. Kallinen
>State Bar of Texas No. 00790995
>Southern District of Texas Bar No.: 19417
>Admitted, Fifth US Circuit Court of Appeals
>511 Broadway Street
>Houston, Texas 77012
>Telephone:     713/320-3785
>E-mail:        AttorneyKallinen@aol.com
>Attorney for Plaintiff, Darin Duncan

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing and proceeding to all counsel and pro se parties listed below on this Saturday, April 17, 2010.

Mishell B. Kneeland (by ECF)
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548          /S/ *Randall L. Kallinen*

                                   _____
                                   Randall L. Kallinen