IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN, | § | |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:09-CV-00715 |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT HOUSTON, | § | |
|     *Defendant.* | § | |

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER
AT HOUSTON'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE
SCHEDULING ORDER TO ALLOW LATE EXPERT DESIGNATION**

TO THE HONORABLE VANESSA D. GILMORE, UNITED STATES DISTRICT JUDGE:

Defendant The University of Texas Health Science Center at Houston ("UTHealth") submits this Opposition to Plaintiff's Motion to Amend the Scheduling Order for the purposes of designating experts and would respectfully show the Court:

On March 26, 2010, the Court held a telephonic hearing on certain discovery issues. At that hearing, the Court ordered that the Plaintiff serve his long overdue responses to UTHealth's outstanding discovery requests and also his long overdue initial disclosures by Thursday, April 15, 2010. Those deadlines were memorialized by the Court in a minute entry, which is attached as Exhibit A. Also during that hearing, Plaintiff mentioned that, notwithstanding that the Scheduling Order [Docket #19] required Plaintiff to designate experts by March 1, 2010, Plaintiff was planning to designate experts with respect to the issue of Plaintiff's disability. Although not memorialized in the Court's minute order, the Court informed Plaintiff that he must designate by April 15, 2010, or file a motion seeking leave to file a late designation.[1]

---

[1] Plaintiff's assertion that "Plaintiff addressed the issue in Court and the Court suggested the filing of the instant motion," Mot. at 1, is somewhat disingenuous. The Court told Plaintiff that no further extensions would be granted without a motion.

___

*UTHealth's Opposition to Plaintiff's Motion to Amend Scheduling Order re: Experts*     1

On April 12, 2010, Plaintiff's counsel asked if UTHealth would consent to a motion to extend the deadline for Plaintiff to designate experts to May 15, 2010. A true and correct copy of email correspondence between counsel is attached as Exhibit B. Because UTHealth has already been substantially prejudiced by Plaintiff's failure to meet a single deadline in this case, UTHealth would not consent to the motion and so informed Plaintiff's counsel. Instead of filing the instant motion in advance of the "new" deadline of April 15, 2010, Plaintiff again waited and filed on April 16, 2010, a motion filled with factual inaccuracies and which provides absolutely no basis for amending the Scheduling Order.

As an initial matter, Plaintiff claims that he could not make the deadline because, "Plaintiff was compelled to serve responses to defendant's interrogatories and requests for production. Plaintiff has served the discovery responses." Mot. at 1. At the time of the filing of that motion, however, Plaintiff had done no such thing. Plaintiff did not serve discovery until Saturday, April 17, 2010, and then he did so improperly.[2] True and correct copies of Plaintiff's purported "service" by email are attached as Exhibits C and D. Plaintiff's claim that discovery responses were served was patently false.

Second, Plaintiff neither cites to nor attempts to demonstrate that he has met the standard for modifying the Scheduling Order. The court can modify a scheduling order on a showing of good cause. FED. R. CIV. P. 16(b)(4). The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (9th Cir.2004). Good cause requires that "the 'party seeking relief ... show that the deadlines cannot

---

[2] In the emails forwarding his late discovery responses, Plaintiff states, "the Rules now allow for e-mail service." This is a partially true statement. Federal Rule of Civil Procedure 5(b)(2)(E) does provide that service by electronic means is effective "if the person consented in writing." And UTHealth in all likelihood would have agreed to such an arrangement, except that Plaintiff refused to extend the same courtesy in service to UTHealth. See email attached as Exhibit E.

_____
*UTHealth's Opposition to Plaintiff's Motion to Amend Scheduling Order re: Experts*                                    2

reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters. LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir.2003) (quoting 6A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990)).

Four factors have been used to determine whether there is good cause: (1) the explanation for the failure to conform to the scheduling order; (2) the importance of the proposed modification; (3) potential prejudice in allowing the proposed modification; and (4) the availability of a continuance to cure such prejudice. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir.2003).

In this matter, Plaintiff has not diligently attempted to comply with the Scheduling Order – or any other deadline – in this case, or adequately explained why he has not. Thus, he has not shown good cause sufficient to justify modifying the order. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff states that he "seeks to get a new date to designate experts such as the mental healthcare specialist who diagnosed Lt. Duncan with major depression." Plaintiff brought suit, in part, based on this diagnosis. Thus, Plaintiff has known the identity of the "mental healthcare specialist" for months. He has offered no valid reason for his failure to designate in a timely fashion.[3]

Plaintiff's proffered "reasons" – that he had to respond to discovery served in October 2009, and that he "a solo practitioner, has been working on many cases" – does not constitute "good cause." *See McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981) (district court did not abuse its discretion by denying request for additional time to respond to

---

[3] Further, in his improperly served discovery responses, plaintiff states that "An economic expert with provide the rest of the information pursuant to the expert designation." Resp. to Interrogatory No. 10, attached as Exhibit F. Clearly, Plaintiff contemplates even more experts to be designated than the "mental healthcare specialist" mentioned in his motion.

_____

*UTHealth's Opposition to Plaintiff's Motion to Amend Scheduling Order re: Experts*    3

motion for summary judgment where motion was filed four days late and the only basis for "excusable neglect" was that counsel was a solo practitioner and was engaged in the preparation of other cases) (cited with approval in *Gillespie v. B L Development Corp.*, 67 Fed. Appx. 243, 243 (5th Cir. 2003). Counsel for UTHealth also has an extremely busy docket and travel schedule. Plaintiff, however, has never afforded UTHealth's counsel the courtesy of even asking for an extension on any deadline in advance of that deadline. As courts have said in the context of the court's authority to extend time under Federal Rule of Civil Procedure 6, busy schedules are not a reasonable excuse. *See Farina v. Mission Investment Trust*, 615 F.2d 1068, 1076 (5th Cir.1980) (court did not abuse its discretion by refusing to grant additional time to file affidavits where there was no showing of excusable neglect); 4A Wright & Miller, Federal Practice and Procedure § 1165, at 480-81 (1987) (rule 6(b) motion will probably not be granted on the ground of "simple inadvertence").

  For these reasons, UTHealth requests that the Court deny the Plaintiff's Motion to Amend the Scheduling Order.

                  Respectfully submitted,

                  GREG ABBOTT
                  Attorney General of Texas

                  C. ANDREW WEBER
                  First Assistant Attorney General

                  DAVID S. MORALES
                  Deputy Attorney General for Litigation

                  ROBERT B. O'KEEFE
                  Chief, General Litigation Division

                  /s/ Mishell B. Kneeland
                  **Mishell B. Kneeland**, Attorney in Charge

        Texas Bar No. 24038256
        Southern District Bar No. 313250
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas  78711-2548
        mishell.kneeland@oag.state.tx.us
        512-475-4099
        512-320-0667 *fax*

        ATTORNEYS FOR DEFENDANT THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Randall L. Kallinen
511 Broadway Street
Houston, Texas 77012
Telephone: 713/320-3785
E-mail: AttorneyKallinen@aol.com

        /s/ Mishell B. Kneeland
        **Mishell B. Kneeland**
        Assistant Attorney General

___

*UTHealth's Opposition to Plaintiff's Motion to Amend Scheduling Order re: Experts*     5