UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN DUNCAN, | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:09-CV-00715 |
| V. | )( | |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER at HOUSTON, | )( | |
| | )( | |
| Defendant. | | |

**LT. DUNCAN'S RESPONSES TO UTHSC-H'S INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure plaintiff serves these responses to the University of Texas Health Science Center at Houston's interrogatories upon you.

RESPECTFULLY SUBMITTED,
LAW OFFICE OF RANDALL L. KALLINEN

/S/ *Randall L. Kallinen*

---

Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth US Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:    713/320-3785
E-mail:          AttorneyKallinen@aol.com
Attorney for Plaintiff, Darin Duncan


EXHIBIT F

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing and proceeding to all counsel and pro se parties listed below on this Saturday, April 17, 2010.

Mishell B. Kneeland
Assistant Attorney General
Attorney in Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548  /S/ *Randall L. Kallinen*

_____
Randall L. Kallinen

## RESPONSES TO THE UTHSC-H'S REQUESTS FOR INTERROGATORIES

INTERROGATORY NO.1:
Identify by name, address, e-mail address, and phone number each person you have contacted concerning any of the allegations made in the Complaint. Include any and all media and any of UTHSC-H's past or current employees or students. (For the purposes of this Interrogatory, "you" includes your spouse, if any.)

ANSWER: None except for my attorney.

INTERROGATORY NO.2:
If you, your attorney, or anyone acting on behalf of you or your attorney, has obtained statements, declarations or admissions in any form from any individual pertaining to any fact related to this lawsuit, please identify the individual making such statement, declaration, and/or admission, and state the substance of such statement, declaration, and/or admission.

ANSWER: Plaintiff has no written or recorded statements, declarations or admissions other than what may be construed as such which has been produced pursuant to the requests for production. Plaintiff will no doubt get some of these from defendant when defendant produces documents and tangible things, disclosures, and depositions are taken, however, defendant will be in possession of all these.

INTERROGATORY NO.3:
Please identify each job you have held or any institution of higher education you have attended during the past ten years.

ANSWER: Student: Rice University Jones School MBA 1997-1999, University of Houston 2003, University of Houston Downtown 2002-2003, San Jacinto Community College 2002

INTERROGATORY NO.4:
Please list all disciplinary and/or performance improvement actions, including, but not limited to, any coaching, counseling, reprimands, probations, and/or suspensions you received in any job or at any institution of higher education listed in your Response to Interrogatory No.3.

ANSWER:   None.

INTERROGATORY NO.5:
For every job title, classification, position, or school you have listed in Response to Interrogatory No.3, please identify: all complaints you have initiated while employed therein in any capacity - including, but not limited to, personnel grievances, student complaints or grievances, formal and/or informal, and/or any prior lawsuits or charges of discrimination you have made against your employer(s). For each complaint, state the outcome. In your response, please identify the court and cause number of any such lawsuits.

ANSWER:   None.

INTERROGATORY NO.6:
Please identify all persons you have discussed any of the facts set out in the Complaint, excluding your attorneys, and state the general subject matter(s) of each conversation and the dates thereof.

ANSWER:   None.

INTERROGATORY NO.7:
If you contend or allege that you were retaliated against by UTHSC-H, please state all facts on which you base your allegations and contentions, and include in your answer the date of each instance of retaliation, and identify any witnesses thereto.

ANSWER:   My expulsion could have been retaliation.

INTERROGATORY NO.8:
Please identify all trial exhibits and demonstrative exhibits you intend to use in the trial of this case.

ANSWER:   Plaintiff is unaware which exhibits will be used at trial at this time. Usually these decisions are made near the time of the creating of the Pretrial order. Plaintiff will likely show the jury at least the letter(s) regarding his expulsion, his transcripts from all schools, and select medical records.

INTERROGATORY NO.9:
Identify all health care providers you have been treated by in the past ten years, state the date(s) for treatment and a brief summary of the medical and/or mental condition that precipitated treatment.

ANSWER:    Art Tarbox and Dr. David Axelrad (at UTHSC-H) - 2006 for evaluation of my depression. Subsequently, Art Tarbox again and my current psychiatrist, Dr. George D. Santos, 5151 San Felipe Street Suite 1470 Houston, TX, 77056, 2008 to current, for depression, both talk therapy and pharmacologic therapy

INTERROGATORY NO. 10:
With respect to all injuries, losses, and other damages you are claiming in this lawsuit: (a) describe all such injuries/losses suffered by you which you contend are caused by the alleged illegal acts by the UTHSC-H; (b) give the amount of damages (in dollars and cents) claimed for each injury or loss; (c) state in detail how the amount was determined; (d) describe the evidence upon which you base your claim thereto; and (e) identify the person who has possession of the documents containing the data and computations requested above. Include all claims for actual and punitive damages.

ANSWER:    Plaintiff has suffered the loss of his career, tuition, cost of books, all school expenses, emotional distress, mental anguish and damage to his relationships. An economic expert with provide the rest of the information pursuant to the expert designation.

INTERROGATORY NO. 11:
Identify each Medical School to which you have applied since your dismissal from the University of Texas Medical School at Houston. For each application please state whether you were offered admission, and, if you were offered admission and did not accept it, why you did not accept it.

ANSWER:    None.

INTERROGATORY NO. 12:
State the name, address, and telephone number of each person whom you or your attorney intend to call as a witness at the trial of this case, and state every subject about which you expect them to testify.

ANSWER:    While it is not known at this time which people will be called probably at least the three doctors mentioned in Interrogatory 9, plaintiff, any experts designated, Larry R. Keiser (UTHSC-H) policies and practices, Kenneth I. Shine (UTHSC-H) policies and practices, H. Scott Craven, Jr.( UTHSC-H) policies and practices, Dr. Guiseppe Colardo (UTHSC-H) plaintiff expulsion, Patricia E. Carver (UTHSC-H) expulsion appeal, Professor Ikenna Ogbaa (UTHSC-H), class work and observations, L. Maximilian Buja (UTHSC-H), policies and practices, Dr. Margeret McNeese (UTHSC-H) policies and practices and client disciplinary matters; Dr. David Mercer (UTHSC-H), work and school performance; Colonel Charles Killingsworth, MD., 2002 Holcombe, Houston, Texas 77039; 713/791-1414, military service, any other person identified in

any discovery or disclosures by any party, and others as they come up in the litigation.

INTERROGATORY NO. 13:
If you have ever been terminated from any employment in the past, state the name of the employer, name of the supervisor that terminated you, the date of your termination and the reason for your termination.

ANSWER:   Dynegy, Inc., 2002, laid off.

INTERROGATORY NO. 14:
Please identify each and every major life activity in which you claim you are/were substantially limited thereby constituting an actual disability for which you believe UTHSC-H discriminated against you in violation of the Rehabilitation Act.

ANSWER:   I was unable to fulfill my professional obligations in a satisfactory manner and I suffered harm in my interpersonal relations by the manner in which the depression affected me. My entire life was affected in a very negative way. This is a legal question.

INTERROGATORY NO. 15:
Please identify each and every major life activity in which you claim the UTHSC-H regarded you to be substantially limited, thereby constituting a perceived disability for which you believe UTHSC-H discriminated against you in violation of the Rehabilitation Act.

ANSWER:   I was unable to fulfill my professional obligations in a satisfactory manner and I suffered harm in my interpersonal relations. My entire life was affected in a very negative way. This is a legal question.

INTERROGATORY NO. 16:
Please identify (including name, address, and telephone number) every doctor, clinic, hospital or medical institution, counselor, psychiatrist, psychologist, clergyman, therapist and/or other health care provider that has treated you for any injuries, whether physical, emotional, and/or mental, which you attribute to the occurrences made the basis of this lawsuit.

ANSWER:   See answer 9.

INTERROGATORY NO. 17:
Explain in lay terms why you maintain (as was represented by your attorney in open court) that The University of Texas Medical School at Houston engaged in a conspiracy to deny the existence of a medical condition that might provide a basis for a request by you for accommodations for a disability. Include the identity of all persons you believe are involved in the conspiracy.

ANSWER:   At least Dr. Axelrad who failed to diagnose the depression. There are physicians who do not believe that the major depressive disorder is a real disease. As an example, I was once in that group. I am not able to provide a complete list of persons involved as much of the

discussion would have occurred without my presence or knowledge. I cannot recall every detail.

INTERROGATORY NO. 18:
List each and every instance where you believe you were adversely affected by a decision made by The University of Texas Medical School at Houston where that decision was made *because of your disability*. For each and every such instance, describe with specificity how you were adversely affected. Include and describe with specificity any instances of discrimination, and/or denial of program access, and/or denial of program benefit.

ANSWER:    I have not received the full information from UTHSC-H about why I was expelled. I was dismissed from medical school because of the symptoms and disabilities and/or that I suffer from major depressive disorder. I have been denied the benefits of treatment because when I informed the SEPC that I was in fact sick and believed that I suffered from major depressive disorder, they refused to make a psychiatric referral. The result of this was significant emotional, financial, and professional harm. As I declared that I was suffering from major depressive disorder before any discipline was imposed, the entire process leading to dismissal reflected the prejudice which prevented accommodation to my disability and was not accommodated. I cannot recall every detail.

INTERROGATORY NO. 19:
Identify your member or "screen" name for any and all "social networking" websites, including, but not limited to MySpace (including any and all "MySpace pages" or "walls"), Facebook (including any and all "Facebook pages" or "walls"), LinkedIn, or any other similar site, including any "blogs" to which you belong, observe, or contribute.

ANSWER:    Facebook – Darin Jason Duncan

INTERROGATORY NO. 20:
Identify by date and URL and/or Internet "address" any and all postings, blog entries, notes, bulletin board strings, or the like made by you in the previous five years.

ANSWER:    I recently posted a message on a board related to a problem I was having with my Chevy Equinox, but I can't remember the name of the website. I have a few postings on a message board called survivalistboard.com.